**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO:  26-20617-CV-WILLIAMS**

MITCHELL NELSON,

      Petitioner,

v.

WARDEN, MIAMI FEDERAL
CORRECTIONAL INSTITUTION,

      Respondent.

_____/

## <u>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS MATTER** is before the Court on the *pro se* Petition for Writ of Habeas Corpus (DE 1) ("***Petition***") brought pursuant 28 U.S.C. § 2241 by Petitioner Mitchell Nelson ("***Petitioner***") alleging the Bureau of Prisons ("***BOP***") has refused to apply the First Step Act of 2018 ("***FSA***") and award him earned time credits ("***ETC***") to reduce his sentence. (*Id.* at 1.)  As relief, Petitioner requests an Order from this Court directing that the BOP apply ETC credits under the FSA towards his sentence. (*Id.*)  After review of the Petition (DE 1), the Respondent's Response (DE 13) with supporting exhibits,[1] the pertinent portions of the record, and applicable law, for the reasons discussed below, the Petition is **DISMISSED AS MOOT.**

**I.      DISCUSSION**

Section 2241 permits a district court to grant a habeas corpus petition when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[A]rticle III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies'" *Soliman v. United*

---

[1] Petitioner has not filed a reply to the Respondent's Response.

*States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citations omitted) (dismissing as moot an appeal filed by an alien seeking habeas corpus relief from his continued detention after removal was executed while appeal was pending). "The doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Id.* (quoting *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d1475, 1477 (11th Cir. 1997)). "'[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). In *Soliman,* the Eleventh Circuit Court of Appeals found that it was "abundantly clear" that the appeal was moot because the relief sought--release from detention pending removal, in addition to other relief--could not be affected by any order from the Court since Soliman was no longer being detained. *Id.* at 1243.

Following the filing of the Petition, Respondent discovered that the BOP reviewed the Petitioner's "sentence computation and discovered jail credit was not applied toward the federal sentence." (DE 13-1, Ex. B at 2 ¶ 13.) As a result, Respondents explain that Petitioner's "sentence computation has been updated, and jail credit has been applied for time spent detained from March 15, 2023 to August 29, 2023." (*Id.*, Ex. B at 2 ¶ 13.) Thus, Respondent argue correctly that there remains no case or controversy, and the Petition should be dismissed as moot. (*Id.*)

## II.    CONCLUSION

Accordingly, based it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (DE 1) is **DISMISSED as moot;**

3.      All pending motions are **DENIED as moot**; and

4.      The Clerk of Court is directed to **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers at Miami, Florida on this <u>13th</u> day of April, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Mitchell Nelson,** *Pro Se*
Reg. No. 35338-380
Federal Correctional Institution-Miami
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177

**Benjamin Sardinas, AUSA**
United States Attorney's Office
99 N.E. 4th Street, Suite 900
Miami, FL  33132
Email:  Benjamin.Sardinas@usdoj.gov